**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**ALAN J. SUSSMAN & ASSOCIATES,**
**INC. d/b/a THE SUSSMAN AGENCY,**
**a Michigan corporation,**

         **Plaintiff,**

         **v.**

**FORMULA FOUR BEVERAGES**
**INC., a Canada corporation, and**
**FORMULA FOUR BEVERAGES**
**(USA) INC., a Nevada Corporation,**

         **Defendants.**

**Case No. 2:17-cv-10986-AJT-APP**

**Hon. Arthur J. Tarnow**
**Magistrate Judge Anthony P. Patti**

**ORAL ARGUMENT REQUESTED**

# PLAINTIFF SUSSMAN AGENCY'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS



Plaintiff Alan J. Sussman & Associates d/b/a the Sussman Agency ("Plaintiff" or "Sussman Agency"), by and through its counsel, hereby moves pursuant to Federal Rule of Civil Procedure 37(a) to compel Defendants Formula Four Beverages (CAN), Inc. ("Formula Four (CAN)") and Formula Four Beverages (USA), Inc.'s ("Formula Four (USA)") (Formula Four (CAN) and Formula Four (USA) collectively "Defendants") Answers to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's First Requests for Production.

Pursuant to Local Rule 7.1(a) and Fed. R. Civ. P. 37(a)(1), Plaintiff's counsel made reasonable efforts, specified below, to seek concurrence in the relief sought but, despite such reasonable efforts, was unable to obtain such occurrence.

On December 3, 2018, Plaintiff sent Defendants a deficiency letter regarding their Answers and Responses to Plaintiff's Discovery Requests. (*See* Ex. 5, Deficiency Letter.) On December 18, 2018, Defendants responded to Plaintiff's deficiency letter. (*See* Ex. 6, Defs.' Resp. to Deficiency Letter.) On January 8, 2019, Defendants provided Supplemental Responses to Plaintiff's First Requests for Production. (Ex. 7, Defs.' Supp. Responses.)

On January 14, 2019, Plaintiff' counsel sent Defendants' counsel an e-mail requesting a meet-and-confer on January 15, 2019. Defendants counsel responded via e-mail, stating that he preferred to continue communications through e-mail



1

instead of having a teleconference meet-and-confer. After several e-mail exchanges, Plaintiff was unable to obtain concurrence or a conference.

Notably, Plaintiff's counsel and Defendants' counsel have separately had numerous other communications at length regarding these discovery disputes.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  January 15, 2019

 /s/ Alan J. Gocha
MARK A. CANTOR (P32661)
REBECCA J. CANTOR (P76826)
ALAN J. GOCHA (P80972)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email:  mcantor@ brookskushman.com
         rcantor@brookskushman.com
         agocha@brookskushman.com

*Attorneys for Plaintiff*



## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**ALAN J. SUSSMAN & ASSOCIATES, INC. d/b/a THE SUSSMAN AGENCY, a Michigan corporation,**

**Plaintiff,**

**v.**

**FORMULA FOUR BEVERAGES INC., a Canada corporation, and FORMULA FOUR BEVERAGES (USA) INC., a Nevada Corporation,**

**Defendants.**

**Case No. 2:17-cv-10986-AJT-APP**

**Hon. Arthur J. Tarnow**
**Magistrate Judge Anthony P. Patti**

**ORAL ARGUMENT REQUESTED**

# PLAINTIFF SUSSMAN AGENCY'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS



# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF ISSUES ............................................................................. iv

I.     BACKGROUND ...............................................................................1

       A.     Parties ...................................................................................1

       B.     Most Relevant Factual Background .....................................1

       C.     Most Relevant Procedural History .......................................4

       D.     Pertinent Discovery Requests and Answers/Responses.......5

II.    ARGUMENT.....................................................................................5

       A.     Legal Standard......................................................................5

       B.     Defendants' Objections Are Tantamount to No Objections at
              All and Therefore are Waived ..............................................6

       C.     Defendants' Answers/Responses Amount to No Answer at All .........7

       D.     Interrogatory No. 2 – Sales Information & Interrogatory No. 3 –
              Advertising Expenditures .....................................................9

              1.     Defendants are not entitled to arbitrarily confine the
                     geographic scope of Plaintiff's requests to the United
                     States ......................................................................... 9

              2.     Defendants are not entitled to arbitrarily confine the
                     temporal scope of Plaintiff's Interrogatory to a two-year
                     time period ................................................................ 10

       E.     Requests for Production ......................................................12

              1.     Temporal Objections to Document Request 1, 4, 5, 6, 7,
                     and 8 .......................................................................... 12



i

2.      Document Request 10 – Investor Funding .............................. 12

III.   CONCLUSION..............................................................................14



# TABLE OF AUTHORITIES

## Cases

*Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*,
   2016 U.S. Dist. LEXIS 80852 (E.D. Mich. June 22, 2016) ...........................7

*Kinesoft Dev. Corp. v. Softbank Holdings*,
   139 F.Supp. 2d 869 (N.D. Ill. 2001) ............................................................12

*Lewis v. ACB Bus. Servs.*,
   135 F.3d 389 (6th Cir. 1998) .........................................................................5

*Siser N. Am., Inc. v. Herika G. Inc.*,
   235 F.R.D. 200 (E.D. Mich. 2018) ................................................................7

*Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*,
   2017 U.S. Dist. LEXIS 48375 (E.D. Mich. Mar. 31, 2017)...........................7

*Sungin Fo-Ma, Inc. v. Chainworks, Inc.*,
   2009 U.S. Dist. LEXIS 58059 (E.D. Mich. July 8, 2009).............................8

*Wesley Corp. v. Zoom T.V. Prods.*,
   2018 U.S. Dist. LEXIS 5068 (E.D. Mich. Jan. 11, 2018) .........................6, 7

*White v. Mich. Dep't of Human Servs.*,
   2011 U.S. Dist. LEXIS 42740 (E.D. Mich. May 17, 2011) ...........................6

## Rules

Fed. R. Civ. P. 12 ...............................................................................................4
Fed. R. Civ. P. 26 ...........................................................................................5, 7
Fed. R. Civ. P. 33 ...............................................................................................7



## STATEMENT OF ISSUES

1.    Should the Court find that Defendants' objections are waived and enter an order compelling Defendants to supplement their Answers to Plaintiff's First Set of Interrogatories?

2.    Should the Court find that Defendants' objections are waived and enter an order compelling Defendants to produce all documents responsive to Plaintiff's First Requests for Production under their broadest plausible interpretation?

Plaintiff's answer: **YES**



# I.     BACKGROUND

## A.     Parties

Plaintiff Alan J. Sussman & Associates, Inc. d/b/a the Sussman Agency ("Sussman Agency" or "Agency") is a Michigan corporation with a principal place of business in Southfield, Michigan. (Compl., Dkt. # 1, PgID 2, ¶ 1.) The Sussman Agency is a marketing and advertising firm that specializes in building, sustaining and growing brands. (*See id.* at ¶ 11.)

Defendant Formula Four Beverages, Inc. ("Formula Four (CAN)"), is a Canadian corporation with its principal place of business in British Columbia, Canada. (*Id.* at ¶ 2.)

Defendant Formula Four Beverages (USA), Inc., ("Formula Four (USA)") (Formula Four (CAN) and Formula Four (USA) collectively "Defendants"), is a Nevada corporation. (*Id.* at ¶ 3.)

## B.     Most Relevant Factual Background

In 2013, Defendants signed an agreement with Oxigenesis, LLC ("Oxigenesis") to distribute bottled water treated with a proprietary technology called Activated Stabilizing Oxygen ("ASO" or "ASO-Treated Water"). (*See id.* at ¶ 12.)

In January 2015, Defendants entered into an agreement ("Agreement"), where the Sussman Agency would provide Defendants with industry exclusive



1

brand building and advertising services, including providing advertising and marketing consultation, brand-marketing plan development, market analysis, and media advertisement placement. (*See id.* at ¶ 13; Agreement, Dkt. # 1-2.)

Under the Agreement, the Sussman Agency was guaranteed, among other things: (1) an initial administrative fee of $115,000; (2) a monthly fee of $115,000 for 11 months; and (3) a 15% commission on production and placement of advertising. (*See* Compl, PgID 5, ¶ 14; Agreement, Dkt. # 1-2, p. 3.) In other words, the Sussman agency was guaranteed a minimum contract price of $1,380,000 plus commission.

Separately, the Agreement provided that the Sussman Agency was entitled to receive compensation for ***an additional*** twelve months (under the same terms) upon the performance of certain benchmarks. (*See* Compl., PgID 15, ¶ 15; Agreement, Dkt. # 1-2, p. 3.) Thus, Plaintiff was potentially due $2,760,000 plus commission under the Agreement.

Notably, the Agreement explicitly provides that the Sussman Agency retained full ownership rights of all work produced under the Agreement until and unless Defendants fully performed under the Agreement. (*See* Compl., Dkt. # 1, PgID 6, ¶ 16; Agreement, Dkt. # 1-2, p. 4.)

Pursuant to the Agreement, the Sussman Agency rendered invaluable services, including providing Defendants with a new business plan and designs for



2

an attractive re-branding strategy, including replacing Defendants' bland "Formula Four" brand with "Oxygen Water" and replacing Defendants' dull blue opaque label with a colorful refreshing translucent design. (*See* Compl., Dkt. # 1, PgID 7–8, ¶¶ 17 & 19.)

As often the case under marketing agreements, the Sussman Agency provided Defendants with a significant portion of their work upfront, including several extensive advertisement compilations. (*See id.* at PgID 7–9, ¶¶ 20–22; The Brand Builder: Oxygen Water Advertising Book, Dkt. # 1-3, Copyright Registration TXu 1-972-612, Dkt. # 1-4; Oxygen Water Creative Collateral Advertising Book, Dkt. # 1-5; Copyright Registration TXu 1-972-613, Dkt. # 1-6.)

Defendants used Plaintiff's creative works to solicit investors and utilized Plaintiff's business plan and designs to grow their business into an international brand. (*See id.* at PgID 9 & 11, ¶¶ 25 & 34.) Indeed, capitalizing on Plaintiff's vision, Defendants now sells OXiGEN water throughout the U.S., including 2,800 retail locations across 30 states, as well as internationally, including Mexico, Canada, and several countries in the Middle East. (*See* Ex. 6, December 3, 2018 Deficiency Letter; *see also* Ex. 8, PR Newswire Article.) Moreover, Defendants have partnered with FC Bayern in Munich (a German soccer team), Brand Ambassador Kirstie Ennis, and Run with the Night Nation!. (*See* Ex. 9, OXiGEN partnership page.)



3

Although Defendants owed Plaintiff millions of dollars under the Agreement, Defendants only paid Plaintiff $165,000 for its services—a clear material breach of the Agreement—while continuing to use Plaintiff's intellectual property without authorization. (*See* Compl, Dkt. # 1, PgID 11, ¶¶ 32 & 34.)

## C. Most Relevant Procedural History

On March 28, 2017, the Sussman Agency filed this action against Defendants, asserting claims for copyright infringement, unfair competition, unfair competition under Michigan law, breach of contract, conversion, and unjust enrichment. (*See generally* Compl., Dkt. # 1.)

On May 12, 2017, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(B)(6). (*See* Dkt. # 14.) On June 2, 2017, Plaintiff voluntarily dismissed its unfair competition claims. (*See* Dkt. # 16.)

On January 29, 2018, the Court denied Defendants' Motion to Dismiss with respect to Plaintiff's claims for copyright infringement, breach of contract, and unjust enrichment. (*See* Dkt. # 22.)

Thus, Plaintiff's claims for copyright infringement, breach of competition, and unjust enrichment remain at issue.



4

## D. Pertinent Discovery Requests and Answers/Responses

On October 8, 2018, Plaintiff served its First Set of Interrogatories and First Requests for Production. These discovery requests are attached hereto as Exhibit 1 and Exhibit 2, respectively.

On November 7, 2018, Defendants responded to Plaintiff's discovery requests. (*See* Ex. 3, Defs.' Answer to Pl.'s First Set of Interrogs.; Ex. 4, Def.'s Resp. to Pl.'s First Requests for Production.)

On December 3, 2018, Plaintiff sent Defendants a deficiency letter regarding their Answers and Responses. (*See* Ex. 5, Deficiency Letter.)

On December 18, 2018, Defendants responded to Plaintiff's deficiency letter. (*See* Ex. 6, Defs.' Resp. to Deficiency Letter.)

On January 8, 2019, Defendants provided Supplemental Responses to Plaintiff's First Requests for Production. (Ex. 7, Defs.' Supp. Responses.)

## II. ARGUMENT

## A. Legal Standard

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). "Information within the scope of discovery need not [even] be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b). "Once the party seeking production has made the required showing of relevancy, the burden shifts to the



party opposing production to identify an alternative source for the information." *White v. Mich. Dep't of Human Servs.*, Case No. 09-CV-14631, 2011 U.S. Dist. LEXIS 42740, at *4 (E.D. Mich. May 17, 2011).

## B. Defendants' Objections Are Tantamount to No Objections at All and Therefore are Waived

In Defendants' Answers to Plaintiff's First Set of Interrogatories (Ex. 3), Responses to Plaintiff's First Set of Document Requests (Ex. 4), and Supplemental Responses to Plaintiff's First Requests for Production (Ex. 7), Defendants continue to assert a number of general objections without any meaningful explanation.

For example, in response to Document Request 1, Defendants state the following objections:

> Defendants object to this Request because it is vague, overbroad, and unduly burdensome. Further, the Request is objectionable as worded in that it purports to require Defendants to produce documents that (a) are in Plaintiff's exclusive possession or (b) are or may be protected from discovery by the attorney-client privilege, work product doctrine, or other privilege against disclosure.

(Ex. 4, Defs.' Respons. to Pl.'s First Reqs. for Production, p. 3.)

These types of general objections "leave it to Plaintiff[]—and the court—to try to sort out how and why the [discovery requests] [are] somehow improper." *Wesley Corp. v. Zoom T.V. Prods.*, Case No. 17-10021, 2018 U.S. Dist. LEXIS 5068, at *7–8 (E.D. Mich. Jan. 11, 2018). The Eastern District of Michigan generally does not tolerate this kind of "foot-dragging obstructionism." *See id.*



6

Indeed, "Boilerplate objects are legally meaningless and amount to a waiver of an objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 235 F.R.D. 200, 209–210 (E.D. Mich. 2018); *accord Strategic Mktg. & Research Team, Inc. v. Auto Data Sols., Inc.*, NO. 2:15-CV-12695, 2017 U.S. Dist. LEXIS 48375, at * 2 (E.D. Mich. Mar. 31, 2017) ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, Case No. 14-cv-10922, 2016 U.S. Dist. LEXIS 80852, at * 9 (E.D. Mich. June 22, 2016) ("This Court has repeatedly found that the filing of boilerplate objections is tantamount to filing no objections at all.")

Moreover, Defendants' general assertion of privilege and failure to submit a privilege log is similarly not proper. *See Auburn Sales,* 2016 U.S. Dist. LEXIS 80852, at * 9 (citing Fed. R. Civ. P. 26(b)(5). Accordingly, Defendants objections should be deemed waived. *See id.*

## C.   Defendants' Answers/Responses Amount to No Answer at All

"Evasive and incomplete answers to discovery requests are tantamount to no answer at all." *Wesley*, 2018 U.S. Dist. LEXIS 5068, at *7–8. The vast majority of Defendants' Answers and Responses are meaningless.

As for Defendants Interrogatory Answers, Fed. R. Civ. P. 33(b)(3) requires that each interrogatory must be answered fully and in writing under oath. Defendants attempt to circumvent this requirement by vaguely and general



7

referencing "produced documents". Fed. R. Civ. P. 33(d)(1) provides that interrogatory answers that merely refence documents must be accompanied by "sufficient detail to enable the interrogating party to locate and identify them as the responding party could." Taken together, Defendants are required to specify which documents provide the requested information and verify under oath that these documents fully represent all responsive information available to Defendants. If information is being withheld, Defendants are required to *specifically* identify what information is being withheld and on what bases. Indeed, "[d]irecting the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery." *Sungin Fo-Ma, Inc. v. Chainworks, Inc.*, Case No. 8-CV-12393, 2009 U.S. Dist. LEXIS 58059, at *13 (E.D. Mich. July 8, 2009).

Defendants Responses to Plaintiffs' Document Requests are similarly deficient. For example, in response to Document Request 1, Defendants merely state that they "will make available for copying and inspection nonprivileged documents responsive to this Request at a mutually agreeable time and location." (Ex. 4, Defs.' Respons. to Pl.'s First Reqs. for Production, p. 3.) Indeed, it simply improper to repeatedly offer for inspection a mass of unspecified documents. *See Sungin*, 2009 U.S. Dist. LEXIS 58059, at *13. This was pointed out in Plaintiff's Deficiency Letter. (*See* Ex. 5, Deficiency Letter, p. 3.) Nevertheless, Plaintiff requested that Defendants "provide Plaintiff with a list of days that the documents



8

will be made available for inspection and indicate a reasonable location where such inspection shall take place." (*See id.*) Yet, Defendants continue to provide no specificity as to what documents are available for inspection, when they are available, or where they are available. (*See generally* Ex. 6, Defs.' Resp. to Deficiency Letter; Ex. 7., Defs.' Supplemental Respons.) As such, the Court should treat these evasive Responses as if there were no resposne at all, and find that Defendants waived their right to require inspection (as opposed to production).

**D.  Interrogatory No. 2 – Sales Information & Interrogatory No. 3 – Advertising Expenditures**

Interrogatory No. 2 asks that Defendants identify the ***annual sales*** information for its ASO-Treated Products, including by stating the annual revenue, profit, and number of sales by brand name and year. Interrogatory No. 3 asks that Defendants identify the annual ***advertising expenditures*** by name, year, and medium of advertising. In their Interrogatory Answers, Defendants merely state that they have produced documents responsive to these interrogatories. This is clearly deficient.

**1.  Defendants are not entitled to arbitrarily confine the geographic scope of Plaintiff's requests to the United States**

In Plaintiff's Deficiency Letter, Plaintiff pointed out that Defendants have not provided any sales data for Formula Four (CAN) and that Defendants have not provided sales data for products sold in Mexico, throughout the Middle East, and



Canada. (Ex. 3, Deficiency Letter, pp. 2–3.) In response, Defendants merely complain that Plaintiff is a U.S. based marketing firm. (*See* Ex. 6, Defs.' Resp. to Deficiency Letter.) This is not a sufficient reason to withhold the requested information.

Neither the Agreement's performance benchmarks nor its compensation schedule are limited to sales in the United States. (*See* Agreement, Dkt. # 1-2, PgID 26 & 30.) Similarly, Plaintiff's claims for copyright infringement and unjust enrichment are not geographically limited. Thus, Formula Four (CAN)'s sales data and sales data related to foreign countries are clearly relevant to damages and claims in this case.

### 2. Defendants are not entitled to arbitrarily confine the temporal scope of Plaintiff's Interrogatory to a two-year time period

In Plaintiff's Deficiency Letter, Plaintiff pointed out that Defendants had not provided sales data for Formula Four (USA) for 2017 and 2018 and that Defendants had only provided advertising expenditures for 2016, and only for *radio*. (Ex. 5, Deficiency Letter, pp. 2–3.) However, Defendants' website indicates that Defendants have partnered with a number of organizations, including a German soccer team, and Defendants' website points to 41 separate articles and advertisements about OXiGEN (*See id.*)



The Agreement provides that Plaintiff is entitled receive compensation for an additional twelve months upon the performance of certain benchmarks. (*See* Compl., PgID 15, ¶ 15; Agreement, Dkt. # 1-2, p. 3.) Plaintiff is entitled to data that may show that such bench marks were met. Defendants complain that the Agreement is limited to a two-year window and contend that they should not be required to produce any information after September 30, 2017. (*See* Ex. 5, Defs.' Resp. to Deficiency Letter, p. 2.) However, the Agreement's temporal scope is not limiting to the permissible scope of discovery.

First, Plaintiff's copyright and unjust enrichment claims have no such two-year limitation. Second, Defendants ignore their own argument that the 24-month period did not begin until and unless Defendants received funding from investors. (*See* Mot. to Dismiss, Dkt. # 14, PgID 131.) Thus, the beginning and end dates for the applicable two-year damages period for breach of contract may be dependent on facts not yet resolved. Thus, Defendants may not arbitrarily withhold sales and advertising figures after September 30, 2017.

Separately, Defendants argue that they only have to provide sales and advertising figures for a 12-month timeframe because Defendants assert that certain triggering performance metrics were not met. However, Defendants do not get to define Plaintiff's theory of the case. Indeed, Plaintiff is entitled to argue that Defendants are obligated to pay Plaintiff for the second-year even absent



11

satisfaction of performance conditions as Defendants were the cause of nonoccurrence. *See Kinesoft Dev. Corp. v. Softbank Holdings*, 139 F.Supp. 2d 869, 894 (N.D. Ill. 2001) ("Excuse of a condition precedent occurs when the obligor commits a breach that causes the nonoccurrence of the condition. When the condition is excused, the obligor's duty becomes absolute." (internal quotation marks and citations omitted)). Thus, such documents are relevant to claims, defenses, and damages in this case.

## E.  Requests for Production

### 1.  Temporal Objections to Document Request 1, 4, 5, 6, 7, and 8

In response to Document Requests 1, 4, 5, 6, 7, and 8, Defendants' similarly state that they will not produce materials created after September 30, 2017. For the same reasons already stated, this is improper.

### 2.  Document Request 10 – Investor Funding

Document Request 10 states "Produce all Documents Concerning investments in or funding of the Defendants' ASO-Treated Products." (Ex. 2, Pl.'s First Reqs. for Production.) In their Response, Defendants object to production of any documents, arguing that they are not required to produce responsive documents after the date the contract was allegedly terminated. (Ex. 4, Def.'s Resp. to Pl.'s First Reqs. for Production, p. 8.) As pointed out in Plaintiff's Deficiency Letter, "Defendants are not entitled to unilaterally determine what time frame is



relevant to the facts of the Complaint." (*See* Ex. 4, p. 3) Indeed, one of Defendants'
defenses to breach of contract is that an alleged condition precedent—investor
funding—was never met. (*See id.*) Plaintiff is entitled to evidence relevant to this
defense.

Separately, Plaintiff's Document Request asks for all documents
"Concerning" investments or funding. "Concerning" is defined in paragraph 18 of
Plaintiff's Definitions and Instructions to "include all that which concerns, reflects,
refers to, has a relationship to, pertains to, evidences, describes, mentions,
discusses, embodies, or identifies, in any way, in whole or in part, the subject
matter of the particular request." (*See* Ex. 2, Pl.'s First Reqs. for Production). It is
untenable that there are not documents, including communications with potential
investors, that predates the alleged termination date. Indeed, Defendants CEO
represented to Plaintiff in April of 2015 that "my time is focused 100% on
finalizing the funding." (*See* Ex. 10, April 16, 2015 E-mail.) Another E-mail from
Mr. Bentham states that "[w]e've been negotiating an exclusive distribution rights
agreement for Mexico with a distributor the last 30-45 days. . . . They're part of the
funding picture too . . . ." (*See* Ex. 11, April 17, 2015 E-mail.) Another e-mail
indicates that, in 2015, Defendants received $500,000 from Korean investors, and
Defendants expected a 1-million-dollar contract from investors in the middle east.
(See Ex. 12, June 29, 2015 E-mail.)



13

Yet, Defendants have not produced or identified any documents "Concerning" funding. (*See* Ex. 4, Defs.' Resps. to Pl.'s First Reqs. for Production; Ex. 7, Defs.' Supp. Respons.)

## III.    CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests that the Court find that Defendants waived all of their objections to Plaintiff's First Set of Interrogatories and First Requests for Production and that the Court order Defendants to supplement their Interrogatory Answers and produce all documents responsive to Plaintiff's First Requests for Production under their broadest plausible interpretation.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated:  January 15, 2019

  /s/     Alan J. Gocha
MARK A. CANTOR (P32661)
REBECCA J. CANTOR (P76826)
ALAN J. GOCHA (P80972)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email:  mcantor@ brookskushman.com
        rcantor@brookskushman.com
        agocha@brookskushman.com

*Attorneys for Plaintiff*



14

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on <u>January 15, 2019</u>, I electronically filed the foregoing **PLAINTIFF SUSSMAN AGENCY'S MOTION TO COMPEL and BRIEF IN SUPPORT**, with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:

/s/     Alan J. Gocha
MARK A. CANTOR (P32661)
REBECCA J. CANTOR (P76826)
ALAN J. GOCHA (P80972)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Telephone: (248) 358-4400
Facsimile: (248) 358-3351
Email:  mcantor@ brookskushman.com
        rcantor@brookskushman.com
        agocha@brookskushman.com

*Attorneys for Plaintiff*
