UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN J. SUSSMAN &
ASSOCIATES, INC. d/b/a THE
SUSSMAN AGENCY,

        Plaintiff,

v.

FORMULA FOUR
BEVERAGES INC. and
FORMULA FOUR
BEVERAGES (USA) INC.,

        Defendants.
_____/

Case No. 2:17-cv-10986
District Judge Arthur J. Tarnow
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION (DE 27)

This matter is before the Court for consideration of Plaintiff's motion to compel answers to interrogatories and requests for production (DE 27), Defendant's response in opposition (DE 30), Plaintiff's reply (DE 31), and the parties' Joint List of Unresolved Issues (DE 31). Judge Tarnow referred this motion for hearing and determination. (DE 28.)

Plaintiff's motion came before the Court for a hearing on February 25, 2019, at which attorneys Rebecca J. Cantor, Alan J. Gocha and T.L. Summerville appeared. Having considered the motion papers and the oral argument of counsel,

and for the reasons stated on the record, which are incorporated herein by reference, Plaintiff's motion to compel, as narrowed by the February 21, 2019 joint list of unresolved issues, is **GRANTED IN PART AND DENIED IN PART** as follows:

1. With respect to documents already produced by Defendants in response to Plaintiff's discovery requests, Defendants shall, by **Monday, March 18, 2019,** sufficiently identify to which of those interrogatory(ies) and/or request(s) the documents respond. *See* Fed. R. Civ. P. 33(d) and 34(b)(E)(1) (requiring the producing party to "organize and label [the documents produced] to correspond to the categories in the request").

2. Defendants' **"General Objections"** are overruled, as are Defendants' boilerplate objections to **Interrogatory Nos. 2 and 3** and **Request for Production Nos. 5-7** as "overbroad" and "unduly burdensome." *See Wesley Corp. v. Zoom T.V. Products, LLC,* No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018) (Cleland, J.); *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209-10 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection.") (Davis, M.J.).

   Further, a party objecting to a request for production of documents as unduly burdensome must submit affidavits or other evidence to substantiate its objections, which Defendants have failed to do. *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 410-411 (N.D. Ohio 2011); *Sallah v. Worldwide Clearing, LLC*, 855 F. Supp. 2d 1364, 1376 (S.D. Fla. 2012); *Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 14 (D.D.C. 2008).

3. The Court also finds that **Interrogatory Nos. 2, 3 and 4** are proper interrogatories and request information "logically or factually subsumed within and necessarily related to the primary question," and thus overrules Defendants' objection that these interrogatories are not "a single discovery request"

but "in fact includes several discrete unnumbered subparts." *See Hemlock Semiconductor Corp. v. SolarWorld Indus. Sachsen GmbH*, No. 13-cv-11037, 2016 WL 7239484, at *7 (E.D. Mich. Dec. 15, 2016) ("If a subpart is logically or factually subsumed within and necessarily related to the primary question, then the subpart should not be counted separately.") (internal quotation marks omitted, citations omitted).

4. However, in light of the Court's responsibility to consider whether the discovery requests are proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1), I have considered each of the requests in dispute. *See Industrias Martinrea de Mexico, S.A., de C.V. v. Fluid Routing Solutions, Inc.*, No. 16-12095, 2017 WL 3160072, at *2 (E.D. Mich. May 30, 2017) (noting that the 2015 Amendment to Rule 26(b)(1) requires that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes").

5. **Interrogatory Nos. 2 and 3**: Defendants shall, by **Monday, March 18, 2019**, serve responses to these interrogatories, signed under oath, for the April 17, 2015 to present time period, without any geographic limitation and without limitation to advertising medium (i.e., not limited to radio advertising only), and with the information produced broken down by product.

6. **Interrogatory No. 4**: Defendants shall, by **Monday, March 18, 2019**, supplement their response to this interrogatory if necessary, without any geographic or time limitations, and signed under oath.

7. **RFP Nos. 5-7:** Defendants shall, by **Friday, March 29, 2019**, respond to these requests and produce responsive documents for the April 17, 2015 to present time period, without any geographic limitation and without limitation to advertising medium (i.e., not limited to radio advertising only).

8. **RFP No. 10:** The Court sustains Defendants' objection to this request for all documents "concerning" investments or funding as overbroad, but overrules their unduly burdensome and harassing objections as improper boilerplate objections, *see Wesley Corp.,* 2018 WL 372700, at *4, and orders a response as follows:

   Defendants shall, by **Friday, March 29, 2019**, respond to this request and produce, for the January 26, 2015 through April 16, 2017 time period: any and all communications which solicit, promise, or discuss the timing or magnitude of investments; any agreements made with investors; and all documents reflecting any deposits made by investors, including any documents reflecting investment money tendered to Defendants by investors.

**IT IS SO ORDERED.**

Dated: February 27, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on February 27, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti